UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MORGAN PRESNELL )
)
V. ) NO. 2:08-CV-33
)
JUDGE LYNN BROWN )

# **MEMORANDUM and ORDER**

Morgan Presnell, a *pro se* prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983, against Judge Lynn Brown for several alleged constitutional infringements.[1] Plaintiff asserts that, at various times, Judge Brown subjected him to false imprisonment, violated his right to free speech, adjudicated a charge against him [plaintiff] without jurisdiction to do so, made an untrue statement about plaintiff's history of violating probation, and refused to furnish plaintiff a transcript because he could use it to prove the statement false. For these claimed violations, plaintiff asks the Court to make Judge Brown pay for the value of the rights infringed upon or to put him in jail for the wrongful taking of sixteen months of plaintiff's life. There are two reasons why this action cannot proceed.

---

[1] Plaintiff has advised the Court that he has been released from confinement. [Doc. Entry of April 8, 2008].

First, it is well-settled law that if a judgment in favor of a plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 action for damages must be dismissed, unless he can demonstrate "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In other words, "no cause of action exists unless a conviction has been legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). There is no indication that plaintiff's conviction has been ruled invalid and thus, under *Heck*, he fails to state a § 1983 claim for damages at this time.

Second, even if the *Heck* doctrine did not bar this suit, the doctrine of immunity would lead to the same result. The Supreme Court has held that a judge performing his judicial functions enjoys absolute immunity from lawsuits for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). A judge has the authority to sentence a defendant to a term of incarceration pursuant to a conviction and to issue rulings during the course of criminal proceedings. Clearly, Judge Brown's challenged actions were taken in connection with his judicial duties and he is immune from this lawsuit.

Plaintiff's request, in the alternative, to put Judge Brown in jail is a form of relief that is not available in a § 1983 action. Finally, plaintiff's application to proceed *in forma pauperis* is **GRANTED**. [Doc. 1].

A separate order of dismissal shall enter.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE